UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD AND PAULA JACKSON, §§§§ *Plaintiff* | |
| v. §§ | No. A-22-CV-00357-RP |
| MERIDIAN SECURITY INSRUANCE COMPANY and RICHARD HUERTA, §§§§§ *Defendants* | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiffs Richard and Paula Jackson's ("the Jacksons") motion to remand, Dkt. 7; and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

### I.   BACKGROUND

This is an insurance coverage dispute. The Jacksons reported damage caused by a 2019 storm to Defendant Meridian Security Insurance Company, asking for coverage for the cost of repairs under the property insurance agreement between the parties. Dkt. 1-5, at 2-3. Meridian then engaged Defendant Richard Huerta, an insurance adjuster, to investigate the reported damages and adjust the claim. *Id.* at 3. The Jacksons allege that Huerta's estimate of the damage to their home was "vastly

1

under-scoped," and that based on that estimate, Meridian wrongfully denied the Jacksons' claim for full repairs in contravention of the insurance policy in place, and "delayed and continues to delay in payment for all the covered damages to the [p]roperty." *Id.* As a result, the Jacksons brought claims against Meridian and Huerta for violations of the Texas Insurance Code, and for "conspir[ing] to underpay" the claim. *Id.* at 4-9. The Jacksons also brought breach of contract and breach of the duty of good faith and fair dealing claims against Meridian. *Id.* at 3-4, 6.

The Jacksons filed this lawsuit in state court, and on the same day provided Defendants with "statutorily-required" notice of the case. *See id.*; Dkt. 1-7. In a response letter, Meridian indicated its election under Texas Insurance Code § 542A.006 to "accept whatever [responsibility] Richard Huerta, and any other adjusters acting on its behalf with respect to the above claim might have for alleged acts or omissions related to the claim." Dkt. 1-8. Meridian then removed the action to this Court, arguing that its election under § 542A.006 requires the dismissal of Huerta from the case, and as such, Huerta was improperly joined to the lawsuit. Dkt. 1, at 3-5. The Jacksons now move to remand this case, arguing that because Huerta was properly joined to the state lawsuit at the time it was filed, he was not improperly joined, and removal on that basis is thus improper. Dkt. 7, at 5. Meridian opposes remand, accusing the Jacksons of "gamesmanship and forum shopping" in an effort to avoid federal court jurisdiction. Dkt. 8, at 3.

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). When a properly joined defendant is a resident of the same state as the plaintiff, removal is improper. 28 U.S.C. § 1441(b)(2).

However, "the improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). To establish improper joinder, the removing party has the "heavy" burden, *id.*, to demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Only the doctrine's second prong is before the Court here. Dkts. 1, at 2-5; 8, at 5-11.

Under the second prong of the improper joinder doctrine, a defendant must establish "that there is no possibility of recovery by the plaintiff against an in-state defendant," which stated differently means "that there is no reasonable basis for the

3

district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. A court evaluates the reasonable basis of recovery under state law by "conduct[ing] a Rule 12(b)(6)-type analysis" or "pierc[ing] the pleadings and conduct[ing] a summary inquiry." *Id.*; *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (stating that a court may use either analysis, but it must use one and only one). The undersigned agrees with Meridian that a Rule 12(b)(6)-type analysis is appropriate here. Dkt. 8, at 4.

In conducting a 12(b)(6)-type analysis, federal pleading standards apply. *Int'l Energy Ventures*, 818 F.3d at 207. Accordingly, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The statements in the complaint must be sufficiently detailed to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Id.*

The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly

construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court."). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

### III.   DISCUSSION

The parties agree that the Jacksons and Huerta are Texas residents, while Meridian is a resident of Indiana for diversity purposes. Dkts. 1, at 3; 1-5; 7, at 3. This Court therefore lacks subject matter jurisdiction unless Meridian can meet its heavy burden to establish that Huerta was improperly joined. *Cuevas*, 648 F.3d at 249 ("the burden of demonstrating improper joinder is a heavy one."). Meridian argues that Huerta became improperly joined in this lawsuit following its election under § 542A.006, and that the Jacksons failed to state a claim against Huerta because they did not allege sufficient facts to state a plausible claim for relief against him, and did not meet Rule 9(b)'s heightened pleading standard for their fraud-based claims. Dkt. 1, at 3-5; Dkt. 8, at 5-11.

Meridian first argues that because it elected to take responsibility for Huerta under § 542A.006 of the Texas Insurance Code, he is improperly joined and, as such, this Court may not exercise jurisdiction over this lawsuit. Dkt. 8, at 5-7. Under Texas Insurance Code § 542A.006, an insurer "may elect to accept whatever liability an

agent might have to [a] claimant for the agent's acts or omissions related to [a] claim by providing written notice to the claimant." Tex. Ins. Code § 542A.006(a). If an insurer elects to accept its agent's liability after an action is initiated, the statute states that "the court shall dismiss the action against the agent with prejudice." *Id.* § 542A.006(c). If the election is made post-suit, the statute makes clear that although dismissal is mandatory, it is not automatic, but rather requires that the court enter an order dismissing the adjuster. *Robbins Place W. Campus, LLC v. Mid-Century Ins. Co.*, No. A-18-CV-875-LY, 2019 WL 2183792, at *2 (W.D. Tex. May 21, 2019), *report and recommendation adopted*, No. A-18-CV-00875-LY, 2019 WL 3818039 (W.D. Tex. June 7, 2019).

The parties agree that there is a split among district courts as to the impact of post-suit[1] election liability under § 542A.006 on diversity jurisdiction. Dkts. 7, at 5; 8, at 6. While some courts have concluded that a § 542.006 election made after a lawsuit commences but before removal renders the in-state adjuster improperly

---

[1] However, district courts do agree that "when an insurer makes its election before an insured files suit, no cause of action exists against the agent, and if the insured later names the agent as a non-diverse defendant the court may disregard that agent's citizenship for purposes of diversity jurisdiction." *See, e.g.*, *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *3 (W.D. Tex. Nov. 18, 2019); *Vyas v. Atain Speciality Ins. Co.*, 380 F. Supp. 3d 609 (S.D. Tex. 2019). Here, Meridian was unable to make a pre-suit election under § 542A.006 because the Jacksons did not provide pre-suit notice—arguing that pre-suit notice here was "impractical" and thus not required under § 542A.003(d). Dkt. 7, at 2 (citing Tex. Ins. Code § 542A.003(d)). Regardless of whether the Jacksons were required to provide Meridian with pre-suit notice under § 542A.003, the remedy for failure to provide notice is abatement, which would change "neither the date the suit was filed nor the time of joinder" and, in any event, "does not demonstrate that [Huerta] was improperly joined." *Yarco Trading Co., Inc. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, 951 (S.D. Tex. 2019) ("If Defendants believe that Plaintiffs' pre-suit notice was deficient, their remedy is abatement of this action—but that remedy must be afforded by a court of competent jurisdiction.").

joined, others have found that an insurer's § 542.006 election after a lawsuit has commenced does not by itself establish improper joinder. *See, e.g.*, *Bexar Diversified*, 2019 WL 6131455, at *3 ("where a diverse insurer elects to accept liability for a non-diverse defendant under Section 542A.006, and that election establishes the impossibility of recovery against the non-diverse defendant in state court at the time of removal, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes"); *but see Shenavari v. Allstate Vehicle & Prop. Ins. Co.*, 448 F. Supp. 3d 667, 672 (S.D. Tex. 2020) ("the parties do not dispute that [the insurer's] election of responsibility did not occur until after Plaintiff filed the instant lawsuit. This election does not by itself establish that [the adjuster] was improperly joined").

The latter approach is generally considered to be the "majority view." *Kessler v. Allstate Fire & Cas. Ins. Co.*, 541 F. Supp. 3d 718, 727 (N.D. Tex. 2021) ("called the 'majority view,' the 'timing of an insurer's election is critical to a court's improper joinder inquiry .... [if the] election is made after an insured commences action, a diverse defendant-insurer cannot rely solely on the fact that the insured is now prohibited from recovering against the non-diverse adjuster.'" (internal citation removed)); *Project Vida v. Philadelphia Indem. Ins. Co.*, No. EP-20-CV-00082-DCG, 2020 WL 2220193, at *5 (W.D. Tex. May 7, 2020) ("the majority view [] concludes that … a post-lawsuit § 542.006(a) election does not by itself establish improper joinder." (internal citations removed)).

In the absence of guidance from the Fifth Circuit[2] establishing the proper effect of a post-lawsuit § 542.006(a) election on the improper joinder inquiry, the undersigned will follow the "majority view," which has also been adopted by United States District Judge Robert Pitman—the presiding judge in this case. *Kessler*, 541 F. Supp. 3d at 727; *see also River of Life Assembly of God v. Church Mut. Ins. Co.*, No. 1:19-CV-49-RP, 2019 WL 1767339, at *3 (W.D. Tex. Apr. 22, 2019) ("the Court cannot deny remand based on [insured]'s Section 542A.006 election alone" (Pitman, J.)). Under this view, Meridian's post-suit election under § 542.006 does not by itself render Huerta improperly joined since he was properly joined as a non-diverse defendant in this lawsuit at the time it was filed and was a defendant in this lawsuit when it was removed. *See* Dkt. 1. As such, the undersigned rejects Meridian's attempt to invoke § 542.006 to establish diversity jurisdiction in support of removal.

Meridian next argues that Huerta is improperly joined to this lawsuit because the Jacksons have failed to satisfy the "heightened pleading standards" included in Rule 9(b), or to "state a plausible claim for relief" under Rule 12(b)(6), to support their claims against him. Dkt. 8, at 8-10. The Jacksons, having failed to file a reply, simply

---

[2] Meridian filed a notice of supplemental authority, with the Fifth Circuit's decision in *Turner v. GoAuto Ins. Co.*, 33 F.4d 214 (5th Cir. 2022) (per curium). *See* Dkts. 9; 9-1. Not only did *Turner* not involve an adjuster as a defendant at all, but it dealt with the wholly unrelated issue of whether remand was proper where a class action complaint limited its class to "citizens of Louisiana" and the insurer was also a Louisiana resident. *Turner*, 33 F.4th at 218 (affirming remand). Perhaps Meridian sought to emphasize that "[a] motion to remand is evaluated 'on the basis of claims in the state court complaint as it exists at the time of removal.'" *Id.* at 217 (citing *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020)); *see also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The undersigned agrees, and notes that at the time of removal here, Huerta had not been dismissed from the state court lawsuit. *See* Dkts. 1; 1-5.

state in their motion to remand that their "allegations against Huerta are sufficiently pleaded, valid causes of action under Texas law." Dkt. 7, at 11.

The Fifth Circuit has demonstrated its willingness to apply Rule 9(b) in the improper joinder analysis given that any dismissal under this review would be without prejudice. *Int'l Energy*, 818 F.3d at 203 (stating that 12(b)(6)-type analysis for improper joinder "incorporates both" Rule 8 and Rule 9, and dismissal under this standard is "without prejudice"). Yet while the Fifth Circuit has instructed that Rule 9(b) applies to claims "based on the same set of alleged facts" as a fraud claim, it has also stated that "where averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated" because the Court may disregard averments of fraud, and nonetheless find that a claim has been stated. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir.), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003); *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).

Here, the Jacksons' section 541.060(a)(7)[3] claim, unlike those alleging misrepresentation, does not require "any fraudulent conduct," and thus it is unclear

---

[3] Meridian cites *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014), for the proposition that the "Section 541.060(a)(7) claim fails as a matter of law" since "[a]djusters cannot be held liable under Section 541.060(a)(7) because they have no obligation to pay an insured's claim." Dkt. 8, at 9. Yet subsequent district courts have declined to follow *Messersmith* because "it is contrary to Texas law and it conflicts with Fifth Circuit precedent." *Eduardo v. Great Lakes Reinsurance (Uk) Plc*, No. DR15CV00073AMVRG, 2016 WL 4371946, at *5 (W.D. Tex. Jan. 19, 2016) ("when the insurer violates § 541.060(a)(7) through the actions of his adjuster, the same claims that can be stated against the corporation can be stated against its agent"); *see also Shrimad Holdings, L.P. v. Seneca Ins. Co.*, No. 1:17-CV-968-RP, 2018 WL 1635655, at *2 (W.D. Tex. Apr. 4, 2018) ("the Fifth Circuit has recognized that insurance adjusters may be held individually liable for violations of the Texas Insurance Code." (Pitman, J.)).

9

that Rule 9 applies to this claim at all. Dkt. 1-5, at 6-7; *Home Run House, LLC v. Cincinnati Indem. Co.*, No. 1-20-CV-827-LY, 2020 WL 8340388, at *5 (W.D. Tex. Dec. 4, 2020), *report and recommendation adopted*, No. 1:20-CV-827-LY, 2021 WL 298603 (W.D. Tex. Jan. 8, 2021) ("section 541.060(a)(7) prohibits refusal to pay a claim without conducting a reasonable investigation with respect to that claim, conduct which is not substantively based on fraud"). Applying the Fifth Circuit's instruction to disregard averments of fraud within the original petition that do not meet Rule 9(b)'s heightened standard, the undersigned finds that the Jacksons pleaded facts sufficient to provide a "reasonable basis" for its claim that Klein failed to conduct a reasonable investigation in violation of Texas Insurance Code section 541.060(a)(7). *See* Dkt. 1-5, at 6-8; *Smallwood*, 385 F.3d at 573. In its original petition, the Jacksons alleged that Huerta did not conduct a reasonable investigation of the insurance claim because he "refuse[d] to even look at all the covered damage," declined to inspect "the interior of their home," and "vastly under-scoped the actual covered damages" to their property. Dkt. 1-5, at 7.

Indeed, other cases have similarly found insurance adjusters properly joined where plaintiffs pleaded "specific actions affirmatively taken or omitted by" an adjuster to demonstrate an alleged failure to conduct a reasonable investigation of the claim. *Jada Rest. Grp., LLC v. Acadia Ins. Co.*, No. SA-20-CV-00807-XR, 2020 WL 5362071, at *4 (W.D. Tex. Sept. 8, 2020) (remanding a case bringing a Section 541.060(a)(7) claim against an individual adjuster after noting that the policyholder alleged "specific actions affirmatively taken or omitted by [the individual adjuster],

including conducting an outcome-oriented investigation, failing to request relevant documentation, [and] failing to appropriately consider [the p]laintiffs' responses to particular questions"); *Don Strange of Tex., Inc. v. Cincinnati Ins. Co.*, No. SA-20-CV-00898-XR, 2020 WL 8410466, at *4 (W.D. Tex. Sept. 14, 2020) (remanding an insurance coverage action where the policyholder alleged violations of "sections 541.060(a)(2)(A), (a)(3), and (a)(7)" and pleaded that the adjuster "employed an improper definition of a relevant term in the Policy, failed to investigate the applicability of particular provisions in the Policy, and failed to request relevant information").

Construing all ambiguities against removal and in favor of remand, as this Court must, *Mehar Holdings, LLC. v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016), the undersigned finds that the Jacksons pleaded at least one reasonable basis for recovery against Huerta, and that he was not improperly joined at the time of removal. *Smallwood*, 385 F.3d at 573 ("[i]f at least one claim against the non-diverse defendant survives Rule 12(b)(6) scrutiny, there is no improper joinder"); *Gray ex rel. Rudd v. Beverly Enters.–Miss., Inc.*, 390 F.3d 400, 411 (5th Cir. 2004) ("[28 U.S.C.] § 1441's holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants ... requires remand of the entire case to state court."). The parties therefore lack complete diversity, and the Court does not have subject matter jurisdiction over this lawsuit. The undersigned recommends that the District Court remand this case to state court.

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** the Jacksons' motion to remand, Dkt. 7, and remand this case to the 201st District Court of Travis County, Texas.

The referral of this case to the Magistrate Court should now be canceled.

## V.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 30, 2022.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE